UNION GUANO COMPANY v. G. W. HEARNE, J. T. GIBSON AND WIFE, LAURA.

(Filed 9 November, 1916.)

**Judgments—Excusable Neglect—Meritorious Defense.**

> Where two parties have signed a contract, jointly, for the purchase of fertilizer, upon the understanding and agreement that each of them would separately be charged with the part he received, but that the joint contract was to enable the shipment to be made in a car-load lot, the purchasers gave their separate notes, and upon demand of seller's attorney for payment and threat of suit, each for his own part said he would not resist judgment, and separate suits are brought, but thereafter consolidated with allegations affecting the personal integrity of the defendants, without the knowledge of either of them, and judgment is accordingly taken, the failure of the defendants to appear and answer is held to be excusable neglect, and a meritorious defense as to each having been shown, the judgment should be set aside.

THIS is a motion to set aside a judgment, heard by *Starbuck, J.,* in the County Court of Forsyth County. From an order setting aside the judgment, plaintiff appealed to the Superior Court. At September Term, 1916, of said court, *Long, J.,* reversed the order, and defendants appealed to Supreme Court.

The following are the facts found by *Judge Starbuck:*

1. On 18 May, 1915, the plaintiff instituted an action against the defendant G. W. Hearne, returnable to the June Term, served 22 May, 1915, he being the sole defendant named in said summons.

2. On 22 May, 1915, said plaintiff instituted an action against the defendants T. J. Gibson and his wife, Mrs. Laura M. Gibson, and the summons in said action, returnable to the June term, was personally served 24 May, 1915, T. J. Gibson and Laura M. Gibson being the only defendants named in said summons.

3. On 31 May, 1915, plaintiff filed the complaint in the record against all the defendants, said complaint being filed in the action brought against T. J. Gibson and Laura M. Gibson.

4. At the return term, beginning 14 June, 1915, the said action against G. W. Hearne was, on motion of the plaintiff, ordered consolidated with said action against T. J. Gibson and Mrs. Laura M. Gibson.

5. No answer having been filed, judgment by default and inquiry was rendered at said June term, as appears of record.

6. At the next term, being in the month of September, an issue was submitted to the jury and answered, and final judgment was rendered, all appearing of record.

7. No appearance was ever entered by said defendants or by counsel for them, and the defendants had no knowledge or information as to the consolidation of the actions or as to the nature of the complaint or the judgments rendered, until the transcript of the final judgment was sent to Richmond County to be docketed, 30 November, 1915.

8. Executions having been issued, the exemptions of said defendants were laid off 20 January, 1916.

9. On 20 January, 1916, defendants caused notice of this motion to be served on the plaintiff's counsel.

10. Four terms of the Forsyth County Court intervened between the September term, when final judgment was rendered, and the date of the service of this motion, the last term beginning 4 December.

11. Part of the fertilizer mentioned in the contract, which is made part of the complaint, was ordered by defendant Hearne, and the residue by defendant T. J. Gibson. The contract was executed by all the defendants, pursuant to representations made by plaintiff's selling agent to Hearne to the effect that he would be charged only with the fertilizers he ordered and would not be held responsible for that ordered by Gibson, but that the signing of one contract would be desirable, so that solid cars could be shipped, thereby getting lower freight rates, and pursuant to similar representations made by said agent to T. J. Gibson as to the effect of the signing of the contract by himself and wife.

11½. The secretary of the plaintiff company approved said contract, relying upon the financial responsibility of said Hearne, said Gibson being reputed insolvent, and a suit was then pending against him and his wife to set aside a conveyance in fraud of creditors.

12. The defendant Hearne executed and sent to the plaintiff his separate notes, which, in the aggregate, were equal to that part of the fertilizer shipments covered by the contract, which it was understood between him and the agent that he was having consigned to himself, and the defendant T. J. Gibson executed and sent to the plaintiff his separate notes, indorsed by his said wife, which in the aggregate were equal to the price of that part of the shipments which it was understood was to be consigned to T. J. Gibson.

13. Subsequently, and before the institution of said actions, the defendant Hearne paid and took up one of his said notes, leaving the balance due on his remaining notes of $324.48, with interest, and Gibson paid and took up one of his said notes, leaving the balance due on his remaining notes of $440.25.

14. Prior to the institution of the said actions, Mr. E. P. Yates, an attorney of the plaintiff, demanded of the defendant Hearne payment of his unpaid notes. Hearne stated he could not pay the notes at that time. Said attorney thereupon stated suit would be instituted against him to recover judgment, and was told by Hearne that he, Hearne, could not resist judgment, and that he would pay the judgment as soon as he could.

15. The said attorney made similar demand on the defendant T. J. Gibson, and a like conversation took place between them.

16. The defendants did not appear in said actions or resist judgment, for the reason that the defendant Hearne believed that judgment would be rendered against him only for the amount of the unpaid notes executed by him, and the defendant Gibson and his wife believed that judgment would be recovered against them only for the amount of the unpaid notes executed by said defendant T. J. Gibson and indorsed by his wife.

17. The defendant Hearne has a *prima facie* meritorious defense to the action in so far as it charges him with fraudulent misapplication or embezzlement, and seeks to hold him answerable for that part of the fertilizer consigned to Gibson, and the defendants T. J. Gibson and wife, Laura M. Gibson, have a *prima facie* meritorious defense to the action in so far as it charges them with fraudulent misapplication or embezzlement, and seeks to hold them answerable for that part of the fertilizer consigned to the defendant Hearne.

*Louis M. Swink, Gilmer Korner for plaintiff.*
*A. R. M'Phail for defendants.*

BROWN, J.   It will be seen from the statement of facts that plaintiff instituted two separate and distinct actions, one against Hearne and the other against Gibson and wife, evidently based upon two distinct and unrelated causes of action, viz., the notes referred to in findings 12 and 13.   From the conversation referred to in findings 14 and 15 the defendants were undoubtedly led to believe that the purpose of the two suits was to collect the individual notes of defendants, upon which they were not jointly liable, and that separate and distinct judgments would be taken.   That was a reasonable inference to be drawn from the statements of the plaintiff's attorney, and the court finds that defendants did not appear for that reason.

Instead of taking distinct judgments upon the notes against each defendant, the two actions were consolidated without their knowledge and a complaint filed against the defendants jointly, setting up a very different cause of action, and one affecting their personal integrity, upon which judgment was taken by default and the inquiry duly made at a subsequent term.

From the findings of fact it is manifest that the defendants were naturally misled by plaintiff's attorney (whether intentionally or not is immaterial), and thereby prevented from employing counsel and entering appearance.   If they were reasonably misled by such conduct, in consequence of which they failed to appear, then it is excusable neglect.   *Morris v. Ins. Co.*, 131 N. C., at p. 215.

The judge of the county court has found that defendants were excusable in their neglect, and that they have a meritorious defense, in which judgment we concur.

The judge of the Superior Court erred in reversing order of the county court.

Error.